IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| R. Alexander Acosta, Secretary of Labor, United States Department of Labor,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>United Transportation Union, et al.,<br><br>　　　　　Defendants. | ) CASE NO. 1:17-cv-00923-SO<br>)<br>) JUDGE SOLOMON OLIVER, JR.<br>)<br>)<br>) **ANSWER OF DEFENDANT**<br>) **MALCOLM FUTHEY**<br>)<br>)<br>) |

Defendant Malcolm Futhey ("Defendant Futhey"), for his answer to Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor's ("Plaintiff") Complaint, states as follows:

**ANSWER TO COMPLAINT**

1.　The allegations contained in Paragraph 1 of the Complaint call for a legal conclusion for which no response is needed. To the extent a response is required, Defendant Futhey denies the allegations contained in Paragraph 1 of the Complaint.

2.　The allegations contained in Paragraph 2 of the Complaint call for a legal conclusion for which no response is needed. To the extent they contain any allegations of fact, Defendant Futhey denies.

3.　Defendant Futhey denies the allegations contained in Paragraph 3 of the Complaint, except that Defendant Futhey admits that venue in this action properly lies in the Northern District of Ohio.

**ANSWER TO DEFENDANTS**

4.　Defendant Futhey admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant Futhey denies the allegations contained in Paragraph 5 of the Complaint, except that Futhey admits the United Transportation Union ("UTU") established the UTU VSTD Plan ("VSTD") to provide short-term disability benefits.

6. The allegations contained in Paragraph 6 of the Complaint call for a legal conclusion for which no response is needed. To the extent a response is required, Defendant Futhey denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant Futhey denies the allegations contained in Paragraph 7 of the Complaint. Defendant Futhey avers that United Transportation Union ("UTU") became Sheet Metal, Air, Rail, and Transportation Workers – Transportation Division ("SMART-TD"), a division of the International Association of Sheet Metal, Air, Rail, and Transportation Workers ("SMART").

8. Defendant Futhey denies the allegations contained in Paragraph 8. Defendant Futhey avers that UTU became SMART-TD, a division of SMART.

9. Defendant Futhey denies the allegations contained in Paragraph 9. Defendant Futhey avers UTU became SMART-TD.

10. Defendant Futhey retired on September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies the same.

11. Defendant Futhey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 11 of the Complaint and, therefore, denies the same. The allegations contained in the second sentence of Paragraph 11 of the Complaint call for a legal conclusion for which no response is needed. To the extent a response is required, Defendant Futhey denies the allegations contained in the second sentence of Paragraph 11 of the Complaint.

12. Defendant Futhey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, denies the same, except Defendant Futhey admits that the VSTD is a named Defendant in this action.

13. The allegations contained in Paragraph 13 of the Complaint call for a legal conclusion for which no response is needed. To the extent a response is required, Defendant Futhey denies the allegations contained in Paragraph 13 of the Complaint.

14. The allegations contained in Paragraph 14 of the Complaint call for a legal conclusion for which no response is needed. To the extent a response is required, Defendant Futhey denies the allegations contained in Paragraph 14 of the Complaint. Further answering, Defendant Futhey retired on September 30, 2013, and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint for any time period after September 2013 and, therefore, denies the same.

15. Defendant Futhey retired on September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and, therefore, denies the same.

16. Defendant Futhey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, therefore, denies the same.

17. Defendant Futhey retired on September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, denies the same.

18. Defendant Futhey retired on September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and, therefore, denies the same.

19. Defendant Futhey denies the allegations contained in Paragraph 19 of the Complaint, except that Defendant Futhey admits that between January 1, 2010 and September 30, 2013 he was the President of UTU.

20. Defendant Futhey retired September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and, therefore, denies the same.

## ANSWER TO GENERAL ALLEGATIONS

21. Defendant Futhey denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant Futhey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and, therefore, denies the same, except Defendant Futhey admits that during the period of January 1, 2010 until September 30, 2013, UTU / SMART-TD employed field supervisors who, among other things, promoted membership in UTU / SMART-TD and assisted with organizing activities.

23. Defendant Futhey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, therefore, denies the same, except Defendant Futhey admits that during the period of January 1, 2010 until September 30, 2013, the UTU / SMART-TD field supervisors sold certain insurance products offered by UTUIA and UTU / SMART-TD.

24. Defendant Futhey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore,

denies the same, except Defendant Futhey admits that during the period of January 1, 2010 until September 30, 2013, the UTU / SMART-TD field supervisors received compensation from the UTU / SMART-TD and were eligible to receive commissions on the sale of certain UTUIA insurance products offered by UTUIA and UTU / SMART-TD.

25. Defendant Futhey is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of the Complaint and, therefore, denies the same.

26. Defendant Futhey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, therefore, denies the same.

27. Defendant Futhey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, therefore, denies the same.

28. Defendant Futhey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and, therefore, denies the same.

29. Defendant Futhey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 29 of the Complaint and, therefore, denies the same. The allegations contained in the last sentence of Paragraph 29 of the Complaint call for a legal conclusion for which no response is needed. To the extent a response is required, Defendant Futhey denies the allegations contained in the last sentence of Paragraph 29 of the Complaint.

30. Defendant Futhey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and, therefore, denies the same. Defendant Futhey further avers that officers other than Futhey (e.g.,

Secretary/Treasurer) handled finances for UTU / SMART-TD and VSTD through Futhey's retirement on September 30, 2013.

31.     Defendant Futhey denies the allegations contained in Paragraph 31 of the Complaint with regard to the period of time between January 1, 2010 and September 30, 2013. Defendant Futhey retired September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint for any time period after September 30, 2013 and, therefore, denies the same.

32.     Defendant Futhey denies the allegations contained in Paragraph 32 of the Complaint with regard to the period of time between January 1, 2010 and September 30, 2013. Defendant Futhey retired September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint for any time period after September 30, 2013 and, therefore, denies the same.

33.     Defendant Futhey denies the allegations contained in Paragraph 33 of the Complaint with regard to the period of time between January 1, 2010 and September 30, 2013. Defendant Futhey retired September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint for any time period after September 30, 2013 and, therefore, denies the same.

34.     Defendant Futhey denies the allegations contained in Paragraph 34 of the Complaint with regard to the period of time between January 1, 2010 and September 30, 2013. Defendant Futhey retired September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint for any time period after September 30, 2013 and, therefore, denies the same.

35.     Defendant Futhey denies the allegations contained in Paragraph 35 of the Complaint with regard to the period of time between January 1, 2010 and September 30, 2013.

Defendant Futhey retired September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint for any time period after September 30, 2013 and, therefore, denies the same.

36. Defendant Futhey denies the allegations contained in Paragraph 36 of the Complaint with regard to the period of time between January 1, 2010 and September 30, 2013. Defendant Futhey retired September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint for any time period after September 30, 2013 and, therefore, denies the same.

37. Defendant Futhey denies the allegations contained in Paragraph 37 of the Complaint with regard to the period of time between January 1, 2010 and September 30, 2013. Defendant Futhey retired September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint for any time period after September 30, 2013 and, therefore, denies the same.

38. Defendant Futhey denies the allegations contained in Paragraph 38 of the Complaint for the period of time between January 1, 2010 and September 30, 2013. Defendant Futhey retired September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint for any time period after September 30, 2013 and, therefore, denies the same.

39. Defendant Futhey denies the allegations contained in Paragraph 39 of the Complaint for the period of time between January 1, 2010 and September 30, 2013. Defendant Futhey retired September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint for any time period after September 30, 2013 and, therefore, denies the same. Further answering, upon information and belief, Plaintiff was provided with records documenting the services provided

by field supervisors and local union treasures related to VSTD in response to several subpoenas issued by Plaintiff, including Plaintiff's subpoena issued on March 13, 2013.

40. Defendant Futhey denies the allegations contained in Paragraph 40 of the Complaint for the period of time between January 1, 2010 and September 30, 2013. Defendant Futhey retired September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint for any time period after September 30, 2013 and, therefore, denies the same. Further answering, upon information and belief, Plaintiff was provided with records documenting the expenses incurred by UTU / SMART-TD in providing administrative services to VSTD in response to several subpoenas issued by Plaintiff, including Plaintiff's subpoena issued on March 13, 2013.

41. Defendant Futhey denies the allegations contained in Paragraph 41 of the Complaint for the period of time between January 1, 2010 and September 30, 2013. Defendant Futhey retired September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint for any time period after September 30, 2013 and, therefore, denies the same. Further answering, upon information and belief, Plaintiff was provided with all records documenting the arrangement for services provided by field supervisors and local union treasures to the VSTD in response to several subpoenas issued by Plaintiff, including Plaintiff's subpoena issued on March 13, 2013.

42. Defendant Futhey retired September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint and, therefore, denies the same.

43. Defendant Futhey retired September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and, therefore, denies the same.

44. Defendant Futhey retired September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and, therefore, denies the same.

45. Defendant Futhey retired September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint and, therefore, denies the same.

46. Defendant Futhey retired September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint and, therefore, denies the same.

47. Defendant Futhey retired September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint and, therefore, denies the same.

48. Defendant Futhey retired September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint and, therefore, denies the same.

49. Defendant Futhey retired September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint and, therefore, denies the same.

50. Defendant Futhey retired September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint and, therefore, denies the same.

## ANSWER TO ERISA VIOLATIONS

51. Defendant Futhey denies the allegations contained in Paragraph 51 of the Complaint, including without limitation sub-paragraphs (A) – (C), for the period of time prior to

September 30, 2013. Defendant Futhey retired September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint, including without limitation sub-paragraphs (A) – (C), for any time period after September 30, 2013 and, therefore, denies the same.

52. Defendant Futhey retired September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint and, therefore, denies the same.

53. Defendant Futhey retired September 30, 2013 and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint and, therefore, denies the same.

54. Defendant Futhey denies the allegations contained in Paragraph 54 of the Complaint, including without limitation the allegations contained in sub-paragraphs (A) – (F).

55. Defendant Futhey denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant Futhey denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant Futhey denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant Futhey denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant Futhey specifically denies and controverts the prayer for relief set forth in Paragraphs 59 through 64 of the Complaint. Defendant Futhey further denies each and every allegation not specifically admitted herein.

**FIRST DEFENSE**

60. The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

61. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations set forth in 29 U.S.C. § 1113 which provides for a statutory period of three years from the earliest date on which the plaintiff had "actual knowledge" of the breach of fiduciary duty. Actual knowledge does not require knowledge that the conduct or transactions at issue violate ERISA. Instead, actual knowledge only requires knowledge of the underlying conduct or transactions themselves. *Wright v. Heyne*, 349 F.3d 321, 330 (6th Cir. 2003). Plaintiff had actual knowledge of the underlying conduct and transactions that form the basis for its claims against Defendant Futhey more than three years prior to the filing of its Complaint.

**THIRD DEFENSE**

62. Plaintiff's claims are barred, in whole or in part, because Defendant Futhey was not a fiduciary or co-fiduciary with respect to the challenged conduct.

**FOURTH DEFENSE**

63. Plaintiff's claims are barred, in whole or in part, because the alleged actions were settlor functions not subject to ERISA fiduciary obligations.

**FIFTH DEFENSE**

64. The damages sought by Plaintiff, if any, were caused by persons and/or entities over whom Defendant Futhey had no control or right to control.

**SIXTH DEFENSE**

65. Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory, intervening, and/or comparative negligence and/or contribution.

**SEVENTH DEFENSE**

66. Plaintiff's claims are barred, in whole or in part, by the doctrines of equitable estoppel, laches, and/or waiver.

**EIGHTH DEFENSE**

67. At all times, Defendant Futhey's actions were in compliance with applicable law.

**NINTH DEFENSE**

68. At all times, Defendant Futhey acted in a reasonable manner based on a reasonable construction of the applicable statutory scheme.

**TENTH DEFENSE**

69. At all times, Defendant Futhey acted in good faith and had reasonable grounds for believing his actions were in compliance with federal and state laws.

**ELEVENTH DEFENSE**

70. Plaintiff's claims are barred, in whole or in part, because the alleged prohibited transactions fall within the exemptions set forth in 29 U.S.C. Section 1108, ERISA Section 408.

**TWELFTH DEFENSE**

71. Defendant Futhey's actions were not the proximate cause of any damage or other harm allegedly suffered.

**THIRTEENTH DEFENSE**

72. The damages and other amounts Plaintiff seeks are not recoverable as a matter of law under ERISA or otherwise.

**FOURTEENTH DEFENSE**

73. Plaintiff has not suffered any damage.

**FIFTEENTH DEFENSE**

74. Plaintiff has failed to name or join a necessary and indispensable party or parties.

## **SIXTEENTH DEFENSE**

75.     Defendant Futhey reserves the right to designate additional defenses as they come to light in the course of investigation discovery, or otherwise.

WHEREFORE, having fully answered, Defendant Malcolm Futhey requests that this Court dismiss Plaintiff's Complaint with prejudice and order Plaintiff to pay Defendant Futhey's reasonable attorneys' fees and such other costs as this Court may deem appropriate.

    Respectfully submitted,

*/s/ Ann M. Caresani*
Ann M. Caresani (0063553)
Christine M. Snyder (0086788)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Tel:     216.592.5000
Fax:    216.592.5009
E-mail:  ann.caresani@tuckerellis.com
        christine.snyder@tuckerellis.com

*Attorneys for Defendant Malcolm Futhey*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2017, a copy of the foregoing *Answer of Defendant Malcolm Futhey* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> */s/ Ann M. Caresani*
> Ann M. Caresani (0063553)
> Christine M. Snyder (0086788)
> Scott J. Stitt (0073943)
> TUCKER ELLIS LLP
> 950 Main Avenue, Suite 1100
> Cleveland, OH 44113
> Tel:      216.592.5000
> Fax:      216.592.5009
> E-mail:   ann.caresani@tuckerellis.com
>           christine.snyder@tuckerellis.com
>           scott.stitt@tuckerellis.com
>
> *Attorneys for Defendant Malcolm Futhey*

3285769