# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED TRANSPORTATION UNION, et al.,<br><br>    Defendants. | :<br>:<br>:<br>: CASE NO. 1:17-cv-00923<br>:<br>:<br>:<br>: JUDGE SOLOMON OLIVER, JR.<br>:<br>:<br>: |

## CONSENT ORDER AND JUDGMENT

Plaintiff, Eugene Scalia, Acting Secretary of Labor, United States Department of Labor ("Secretary"), pursuant to the provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq.*, filed a complaint against the United Transportation Union ("UTU"); Sheet Metal, Air, Rail, and Transportation Union ("SMART"); SMART Transportation Division ("SMART-TD"); John Previsich; Joseph Sellers, Jr.; and Richard McClees (collectively, "Defendants")[1] alleging Defendants breached their fiduciary responsibilities under ERISA §§ 404(a)(1)(A) and (B), 406(a)(1)(C) and (D), and 406(b)(1) and(2); 29 U.S.C. §§ 1104(a)(1)(A) and (B), 1106(a)(1)(C) and (D), and 1106(b)(1) and (2), with respect to the Sheet Metal, Air, Rail, and Transportation Union Voluntary Short-Term Disability Plan ("Plan").[2]

---

[1] The United Transportation Union ("UTU"); Sheet Metal, Air, Rail, and Transportation Union ("SMART"); SMART Transportation Division ("SMART-TD") are collectively referred to herein as "Union".

[2] The Secretary's complaint also named Malcolm Futhey and Joseph Nigro as defendants. Futhey was dismissed via a separate Consent Order and Judgment (ECF 47), and Nigro was dismissed as a result of his death. (ECF 49.) In addition, the Plan was named as a defendant pursuant to Federal Rule of Civil Procedure 19(a) solely to assure that complete relief can be granted.

All Defendants have waived service of process of the complaint. In their answer, Defendants and the Plan admitted to the jurisdiction of this Court over them and the subject matter of this action, but otherwise denied they engaged in any violations of Title I of ERISA. In response to the Secretary's Motion for Partial Summary Judgment (ECF 86), the Court found, in part, that the record was not sufficiently developed to determine the amount of damages, if any, owed by Defendants. Absent this Consent Order and Judgment, Defendants could challenge any or all of the Court's findings on appeal after a final and appealable order is issued by the Court.

The parties have agreed to resolve all matters in controversy in the above-captioned matter, including ERISA § 502(l) penalties, and hereby consent to the entry of this Consent Order and Judgment ("Judgment") by this Court.

Upon consideration of the record, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Judgment.

IT IS THEREFORE ORDERED, ADJUDICATED, AND DECREED that:

1. Defendants are permanently enjoined and restrained from violating Title I of ERISA, 29 U.S.C. §1001 *et seq.*

2. Within 30 days of the entry of this Judgment, Defendants will restore, or cause to be restored on their behalf, $6,545,454.54 (the "Recovery Amount"), which will be payable to the Plan.

    A. Upon receipt, the Plan will account separately for the Recovery Amount and any charges against the Recovery Amount until it has been fully spent.

    B. $200,000 of the Recovery Amount will be earmarked exclusively for compensation to be paid to an independent fiduciary in accordance with Paragraph 19 below.

   C. The remainder of the Recovery Amount will be used to pay the cost of a 26% reduction in the monthly premium rate charged to all Eligible Participants until the Recovery Amount has been fully spent.

   D. For purposes of this Paragraph 2 and its subparts, the term "Eligible Participant(s)" will mean all current Plan participants who are enrolled in the Plan as of the date of entry of this Judgment and any new participants.

   E. Within 30 days after entry of this Judgment, Defendants will provide each Eligible Participant a copy of the written notice about the premium reduction, attached hereto as Exhibits 1 (Rail Members) and 2 (Bus Members).

  3. Within 45 days of the entry of this Judgment, Defendants will provide the EBSA Regional Director with written satisfactory proof that the Recovery Amount has been placed in the Plan's trust account. Defendants will also provide the EBSA Regional Director with satisfactory written proof verifying that the Eligible Participants received the premium reductions described in Paragraph 2, above. Such proof will be provided 30 days after the last day of the first month that the premium reduction is in effect, then every three months thereafter.

  4. The Secretary has determined that Defendants shall be and hereby are assessed, upon payment of the Recovery Amount to the Plan's trust account, a total penalty under ERISA § 502(l), 29 U.S.C. § 1132(l), of $1,309, 090.91. The Secretary has agreed to compromise and reduce the amount of the penalty by 50% to $654,545.45 ("502(l) Penalty"). Therefore, the Secretary hereby does and will accept as full satisfaction of the 502(l) Penalty, the amount of $654,545.45. Defendants waive their rights to a separate notice of assessment of the penalty under ERISA § 502(l), 29 U.S.C. § 1132(l), the service requirement of 29 C.F.R. § 2570.83, and their rights to seek any further reductions of or relief from the 502(l) Penalty under ERISA § 502(l), 29 U.S.C. § 1132(l).

5. Defendants will pay the 502(l) Penalty within 10 calendar days of payment of the Recovery Amount. The 502(l) Penalty will be paid by sending a certified or cashier's check made payable to the United States Department of Labor and will reference EBSA Case No. 43-008609. If the 502(l) Penalty check will be submitted via standard U.S. Mail, Defendants will send it to: ERISA Civil Penalty, P.O. Box 6200-36, Portland, Oregon 97228-6200. If the 502(l) Penalty check will be submitted via express mail or commercial overnight delivery, Defendants will send it to: U.S. Bank, Attn: ERISA Civil Penalty #6200-36, 17650 NE Sandy Boulevard, PD-OR-C1GL, Portland, Oregon 97230.

6. Defendants have selected, the Secretary has not objected to, and the Court hereby appoints for the period of 18 months, Larry Magarik, Esquire to act as an independent fiduciary ("Independent Fiduciary") for the Plan. The Independent Fiduciary's duties and responsibilities to the Plan will be solely related to the:

A. Selection of service providers to provide administrative services to the Plan (other than the Plan's independent auditor; legal counsel; fiduciary and fidelity bond insurance carrier; and investment professionals) ("Service Providers");

B. Negotiation and payment of expenses for Service Providers, including Union employees, Field Supervisors, Local Union Treasurers, or other Union-affiliated entities (collectively, "Union Affiliates"), if Union Affiliates are selected to provide any services to the Plan;

C. Establishment of procedures and protocols regarding the foregoing responsibilities.

7. The Independent Fiduciary's duties will include:

A. Reviewing all current services to the Plan, including services provided by Union Affiliates, to determine what services are reasonable and necessary;

B. Creating and implementing processes to ensure that all Plan expenses are for the exclusive benefit of Plan participants, are reasonable and necessary, and that all agreements and payments of fees are in compliance with ERISA §§ 404 and 406, including, where required by ERISA, to ensure no more than reasonable compensation is paid; and

C. Creating processes (e.g., request for proposals, contemporaneous recordkeeping for Union Affiliates) for the Plan's trustees to implement after the Independent Fiduciary's tenure under this Judgment has expired. Such processes will ensure that all Plan expenses are for the exclusive benefit of Plan participants, are reasonable and necessary, and that all agreements and payments of expenses are in compliance with ERISA §§ 404 and 406. If an arrangement between the Plan and the Union Affiliates is not negotiated by an independent fiduciary, then the processes will provide that, in compliance with ERISA, no more than direct expenses will be paid to or for the Union Affiliates.

8. Within 6 months of the entry of this Judgment, the Independent Fiduciary will implement written policies and procedures for the Plan related to the selection of Service Providers and the payment of expenses to ensure the Plan functions for the exclusive benefit of the Plan's participants and beneficiaries and fully complies with all ERISA provisions related to the payment of expenses during and after the Independent Fiduciary's tenure. This will include, but not be limited to, written policies and procedures to:

5

      A.     Establish a Request for Proposal ("RFP") process to ensure the Plan obtains only necessary services and pays no more than "reasonable compensation," as that term is used in ERISA § 408(b)(2), 29 U.S.C. § 1108(b)(2), and related regulations, to Service Providers;

      B.     Ensure that all arrangements with Service Providers:

          i.     Are necessary for the Plan's operation;

          ii.     Are furnished under a contract or arrangement that is reasonable; and

          iii.     That no more than reasonable compensation is paid, as required by ERISA § 408(b)(2), 29 U.S.C. § 1108(b)(2) and (c)(2), 29 C.F.R. 2550.408b-2 and 2550.408c-2. If an arrangement between the Plan and Union Affiliates is not negotiated by an independent fiduciary, then, in compliance with ERISA, no more than direct expenses will be paid to or for Union Affiliates.

      C.     Ensure Service Providers provide services and receive payments only in accordance with their contractual obligations to the Plan; and

      D.     Ensure decisions made by the Board are sufficiently explained in writing in the Plan's meeting minutes by discussions on the record, attachments to the meeting minutes, and other necessary means.

9.     Within 6 months after the entry of this Judgment, the Independent Fiduciary will enter into new contract(s) for administrative services for the exclusive benefit of the Plan's participants and beneficiaries.

10.     If the Independent Fiduciary contracts on behalf of the Plan for the provision of services by Union Affiliates for a period that extends beyond the Independent Fiduciary's appointment, such contract must terminate within 6 months of the

Independent Fiduciary's termination of appointment pursuant to this Judgment. During that 6-month period, payments to or for Union Affiliates may be made pursuant to such contract and need not be limited to direct expenses. After that 6-month period, the Plan may retain and pay Union Affiliates either: 1) under the terms negotiated by a subsequent independent fiduciary; or 2) direct expenses.

11. The Independent Fiduciary may retain such persons and firms, including accountants and attorneys, as may be reasonably required to perform his/her duties hereunder. The Plan will pay, or will cause to be paid on its behalf, any costs associated with the Independent Fiduciary's retention of such individuals to conduct customary and normal Plan work.

12. Upon entry of this Judgment and for the duration of the Independent Fiduciary's retention by the Plan in accordance with this Order, all payments of Plan assets to or for Union Affiliates must be approved by the Independent Fiduciary prior to any such payments being made.

13. During the Independent Fiduciary's term, the Plan's Board of Trustees ("Board") is prohibited from:

    A. Approving or making decisions regarding any Union Affiliates' provision of services to the Plan;

    B. Approving or making decisions regarding direct or indirect compensation paid by the Plan to Union Affiliates for services they provide to the Plan; and

    C. Authorizing payments to any Union Affiliate without first obtaining the Independent Fiduciary's written consent, in accordance with Paragraph 14.

14. If the Independent Fiduciary determines it is in the best interest of the Plan to use any or all of the Union Affiliates to provide services to the Plan, then the Independent Fiduciary will direct the Board in writing to make such payments.

15. Notwithstanding any other Paragraphs in this Judgment, neither the Independent Fiduciary nor Defendants will authorize the payment by the Plan to the Union for any costs that the Union or Union Affiliates have incurred for Plan-related work for the period January 1, 2014, through the date this Judgment is entered by the Court. Within 30 days of the entry of this Judgment, Defendants will provide the EBSA Regional Director with written satisfactory proof of the amount of the costs the Union or Union Affiliates incurred for Plan-related work for the period January 1, 2014, through the date this Judgment is entered by the Court, as well as written satisfactory proof no payment was or will be made by the Plan for such costs.

16. The Independent Fiduciary will attend all Board meetings (in person, by telephone, or by video conference, as appropriate) to ensure the Board acts in a manner consistent with this Judgment.

17. The Independent Fiduciary will obtain bonding in an amount that meets the requirements of ERISA § 412, 29 U.S.C. § 1112. The Independent Fiduciary may obtain his/her own separate bonding or be added to the Plan's existing fidelity bond. The Plan will pay, or will cause to be paid on its behalf, the costs incurred by the Independent Fiduciary in obtaining such bonding.

18. Defendants and their agents, representatives, employees, all persons acting by or under their authority, and all Union Affiliates will fully cooperate with the Independent Fiduciary in the performance of his/her duties, including by providing any Plan-related participant or financial data requested by the Independent Fiduciary. Defendants and the Board will provide any Plan-related information requested by the

8

Independent Fiduciary and needed by him/her in relation to his/her appointment as soon as practicable, but no later than 10 business days after such request is made by the Independent Fiduciary.

19. For the services performed pursuant to this Judgment, the Independent Fiduciary will receive compensation not to exceed $400 per hour for fees plus expenses that are reasonably and necessarily incurred. The Plan will pay such compensation and provide EBSA with proof of payment within 30 days after any payment is made.

20. The Independent Fiduciary cannot receive any other compensation directly or indirectly from the Plan and cannot perform for the Plan any services other than those identified in this Judgment. Except for the payments permitted from the Recovery Amount under this Judgment pursuant to Paragraphs 2 and 19, the Independent Fiduciary will receive no compensation from any "party in interest" to the Plan as that term is defined at ERISA § 3(14), 29 U.S.C. § 1002(14), in relation to the duties, responsibilities, and services he provides to the Plan under this Judgment.

21. At the conclusion of the Independent Fiduciary's term, he/she will file a final report with the Court, providing copies to the parties, identifying all work he/she performed and describing all processes and rules he/she put into place to ensure the Plan operates for the exclusive benefit of the Plan's participants and beneficiaries.

22. The Independent Fiduciary's appointment will terminate upon the first of the following events to occur:

    A.    Removal by the Court;

    B.    Resignation after finding an acceptable replacement, agreed to by all parties and approved by the Court; or

    C.    18 months after the entry of this Judgment.

23. After the Independent Fiduciary's review, the Plan's fiduciaries will administer the Plan in accordance with any service contracts entered into by the Independent Fiduciary. Similarly, except as otherwise provided in Paragraph 10 of this Judgment, after the Independent Fiduciary's tenure has ended, all Plan fiduciaries will continue to follow all obligations and responsibilities established by the Independent Fiduciary's written policies and procedures described in this Judgment, unless the Plan's fiduciaries determine that the policies and procedures are no longer prudent or for the exclusive benefit of the Plan's participants and beneficiaries. The Plan fiduciaries will document the justification for such determination(s).

24. If the Independent Fiduciary concludes his/her services are no longer required by the Plan at any point 12 months after, but prior to 18 months after, the entry of this Judgment, the Independent Fiduciary will notify the EBSA Regional Director of such conclusion. If, within 15 days of being notified, the Secretary does not notify the Independent Fiduciary of any objection to the Independent Fiduciary's resignation, the Independent Fiduciary will file a notice of resignation with the Court. Such notice will include a certification that the Independent Fiduciary complied with the notification requirements of this Paragraph.

25. Nothing in this Judgment will prevent the Plan from extending the Independent Fiduciary's contract beyond the 18-month period or retaining a new independent fiduciary to determine the terms under which the administrative services are to be provided to the Plan. If that subsequent independent fiduciary concludes that it is prudent under the circumstances then prevailing for the exclusive benefit of the Plan and reasonable and necessary, and in compliance with ERISA §§ 404 and 406 to do so, the Plan may retain the Union Affiliates under the terms negotiated by that subsequent independent fiduciary.

26. All proof and notices to the EBSA Regional Director required by this Judgment must be sent to: Department of Labor, Employee Benefits Security Administration, Cincinnati Regional Office, 1885 Dixie Highway, Suite 210, Fort Wright, KY 41011-2662.

27. The Plan's Trust Agreement is hereby amended, as necessary to allow for the provisions of this Judgment, and the Trust Agreement shall be formally amended accordingly.

28. Each party agrees to bear his/hers, its, their own attorneys' fees, costs, and other expenses incurred by such party in connection with any stage of this proceeding to date, including, but not limited to, attorneys' fees that may be available under the Equal Access to Justice Act, as amended.

29. The Court directs the entry of this Judgment as a final order.

30. The Court will maintain jurisdiction over this matter only for purposes of enforcing this Judgment.

31. Nothing in this Judgment is binding on any U.S. government agency other than the United States Department of Labor.

32. This Judgment provides full, final, and complete judicial resolution of all of the claims and causes of action alleged in the Secretary's Amended Complaint in this action. Notwithstanding the foregoing, nothing in this Judgment will be deemed to waive any claim by the Secretary relating to the obligations set forth in this Judgment.

33. Except for the obligations set forth in this Judgment, the Secretary and his agents, representatives, assigns, predecessors and successors in interest, acting in their official capacities, do hereby waive, release, and forever discharge all claims, demands, actions, causes of action, liabilities, or fines they may have against Defendants and their directors, officers, attorneys, employees, representatives, assigns, predecessors, and

successors in interest based upon the facts alleged in the Secretary's Amended Complaint in this action.

34. Defendants and their directors, officers, agents, attorneys, trustees, employees representatives, assigns, and predecessors and successors in interest, do hereby release the Secretary and his officers, agents, attorneys, employees, and representatives, both in their individual and governmental capacities, from all actions, claims and demands of whatsoever nature, including those arising under the Equal Access to Justice Act or any statute, rule, or regulation, that relate in any manner to the investigations, filing, prosecution, maintenance, and settlement of the Secretary's Complaint.

IT IS SO ORDERED.

DATED _____October 2_____, 2020.

/s/ Solomon Oliver, Jr.
Honorable Solomon Oliver, Jr.
UNITED STATES DISTRICT JUDGE

The parties hereby consent to the entry of this Consent Order and Judgment.

For Defendants:

/s/ Joyce Goldstein
Joyce Goldstein (0029467)
Richard L. Stoper, Jr. (0015208)
Goldstein Gragel LLC
1111 Superior Avenue, East, Suite 620
Cleveland, OH 44114
Phone: (216) 771-6633
Fax: (216) 771-7559
jgoldstein@ggcounsel.com
rstoper@ggcounsel.com

/s/ Richard McCracken
Richard G. McCracken (*pro hac vice*)
General Counsel, SMART
McCracken, Stemerman & Holsberry
595 Market Street, Suite 800

For Plaintiff:

KATE S. O'SCANNLAIN
Solicitor of Labor

CHRISTINE Z. HERI
Regional Solicitor

HEMA STEELE (0081456)
JOSEPH M. BERNDT
Trial Attorneys
U.S. Department of Labor
881 Federal Office Building
1240 East Ninth Street
Cleveland, Ohio 44199
(216) 522-3870; Fax (216) 522-7172
berndt.joseph.m@dol.gov

San Francisco, CA 94105
Phone: (415) 597-7200
Fax: (415) 597-7201
*rmccracken@msh.law*

*Counsel for Defendants United Transportation Union; Sheet Metal, Air, Rail, Transportation Union; and Sheet Metal, Air, Rail, Transportation Union – Transportation Division*

*/s/ Marc H. Rifkind*
Marc H. Rifkind (*pro hac vice*)
Alexander M. Gormley (*pro hac vice*)
Slevin & Hart, P.C.
1625 Massachusetts Ave., NW, Suite 450
Washington, DC 20036
Phone: (202) 797-8700
Fax: (202) 234-8231
*mrifkind@slevinhart.com*
*agormley@slevinhart.com*

*Counsel for Defendants Joseph Sellers, Richard McClees, John Previsich, and the Voluntary Short-Term Disability Plan*

*/s/ Timothy Gallagher*
Timothy Gallagher (0058401)
Schwarzwald McNair & Fusco LLP
1215 Superior Avenue, Suite 225
Cleveland, Ohio 44114-3257
Phone: (216) 566-1600
Fax: (216) 566-1814
*tgallagher@smcnlaw.com*

*Local Counsel for Defendants Joseph Sellers, Richard McClees, John Previsich, and the Voluntary Short-Term Disability Plan*

Larry Magarik, Esq.
INDEPENDENT FIDUCIARY

*steele.hema@dol.gov*

*Counsel for Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor*

13

**EXHIBIT 1**

**TO ALL VSTD PARTICIPANTS:**

As a result of a settlement with the Department of Labor, the monthly premium rate for your VSTD short-term disability coverage will be temporarily reduced by 26 percent. This reduction is anticipated to last approximately 18 months. Accordingly, for a Rail Member, the monthly premium will decrease from $34.50 to $25.53. At the end of this period, your premiums will return to their prior level.

If you have any questions, please contact Dora Wolf at (216) 227-5437.

**EXHIBIT 2**

**TO ALL VSTD PARTICIPANTS:**

As a result of a settlement with the Department of Labor, the monthly premium rate for your VSTD short-term disability coverage will be temporarily reduced by 26 percent. This reduction is anticipated to last approximately 18 months. Accordingly, for a Bus Member, the monthly premium will decrease from $26 to $19.24. At the end of this period, your premiums will return to their prior level.

If you have any questions, please contact Dora Wolf at (216) 227-5437.